FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAYLIE K., | No. 4:19-CV-05045-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney D. James Tree represents Haylie K. (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits on March 24, 2015, alleging disability since March 7, 2008,[2] due to vision impairment from retinitis pigmentosa; ulcerative colitis; arthritis; depression; and addiction issues. Tr. 81. The application was denied initially and upon reconsideration. Tr. 113-15, 119-25. Administrative Law Judge (ALJ) Moira Ausems held a hearing on January 5, 2018, Tr. 36-79, and issued an unfavorable decision on April 23, 2018, Tr. 15-26. Plaintiff requested review from the Appeals Council. Tr. 176. The Appeals Council denied the request for review on February 6, 2019. Tr. 1-5. The ALJ's April 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 27, 2019. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1979 and was 34 years old as of her date last insured in 2014. Tr. 24. She has a GED and has worked primarily in fast food, bartending, and as a receptionist. Tr. 225, 773. Plaintiff alleged disability beginning in 2008, just before her twin children were born. She struggled for many years with neck and back pain, leading to abuse of pain medications, and depression. Tr. 51-53, 57-58, 417-19, 593-95. She went through addiction treatment in 2012 and was maintained on suboxone treatment. Tr. 53-55. In September 2013 she was diagnosed with ulcerative colitis, which lead to increased joint pain and inflammation. Tr. 55, 651, 654, 657, 737.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

---

[2] The ALJ declined to reopen a previous application that was denied on initial review on June 26, 2012. Tr. 15-16.

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 23, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date of March 7, 2008, through the date last insured of September 30, 2014. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: ulcerative colitis since September 2013, inflammatory arthritis, bilateral L5 spondylosis, cervical degenerative disc disease, obesity, migraine headaches, retinitis pigmentosa, major depressive disorder, generalized anxiety disorder, and history of opioid dependence. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at the light exertional level, except:

> she was limited to work that would provide a sit/stand option for up to five to ten non-continuous minutes per hour that would not involve leaving a work station; that would not require more than occasional climbing of ramps/stairs, balancing, crouching, crawling, kneeling, and stooping, or any climbing of ladders, ropes or scaffolds; that would not require any concentrated exposure to vibration or any exposure to unprotected heights, dangerous moving machinery, or commercial driving; that would not require driving at night; that would not require the performance of more than simple routine

predictable tasks or involve more than superficial contact with the
general public; and that would provide ready access to a restroom.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a dietary aide, fast food worker, food deliverer, phlebotomist, or medical receptionist. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of mail clerk, office helper, and collator operator. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured of September 30, 2014. Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discounting Plaintiff's symptom testimony; (2) improperly weighing the medical opinion evidence; and (3) improperly weighing the third-party evidence.

**DISCUSSION**

**1. Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 13 at 3-16. Specifically, Plaintiff argues the ALJ improperly discounted her testimony based on minimal daily activities, her lack of treatment, the objective evidence, and misconstrued statements interpreted as inconsistencies.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to not be entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found the objective medical evidence did not fully support the level of limitation claimed, and noted Plaintiff sought very little treatment for her conditions during the relevant period, frequently denied symptoms that she later claimed contributed to her disability, and engaged in activities of daily living that did not support her claim. Tr. 21-23. The ALJ further found no acceptable medical source reported disabling limits during the relevant period, and noted the record suggested a pattern of inconsistency and overstatement of symptoms and limitations. Tr. 22-23. While the court finds not all of the ALJ's reasons withstand scrutiny, the ALJ offered specific, clear and convincing reasons for her assessment of Plaintiff's subjective reports.

### a. *Course of treatment and denial of symptoms*

Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted Plaintiff sought very little

treatment for her primary impairments during the relevant period, and received no treatment for her musculoskeletal problems for 18 months. Tr. 21. She also noted Plaintiff failed to receive any specialized treatment during the relevant period for migraines, her ocular condition, or mental health impairments, and often denied any symptoms relating to these conditions. Tr. 22-23.

Plaintiff argues the ALJ is incorrect, as Plaintiff did mention all of these conditions to her medical providers during the relevant period. ECF No. 13 at 11. While Plaintiff is correct that the record contains references to each of Plaintiff's impairments during the relevant period, the ALJ's characterization of the record as lacking specialized or more than "very little" treatment for most of her conditions is supported. Ulcerative colitis is the only condition Plaintiff received regular treatment for during the relevant period, and then only for a few flares after the initial diagnosis. Tr. 653-58, 737.

Plaintiff further argues the ALJ failed to consider explanations for her failure to seek more treatment, as required by Social Security Ruling 16-3p. ECF No. 13 at 11. She argues she had legitimate reasons for her failure to seek more treatment, including being told treatments for her ophthalmological condition were limited, her mental health and migraines were maintained on medications, and she was not receiving answers regarding the cause of her symptoms, so she "just stopped trying." *Id.* at 12. While these factors may explain Plaintiff's failure to seek more treatment, they do not explain away her denial of symptoms. The ALJ pointed to numerous instances when Plaintiff denied joint pain and stiffness, denied psychological symptoms, and denied headaches during the relevant period. Tr. 22-23. The ALJ legitimately relied on these records as evidence of inconsistencies undermining Plaintiff's later assertions that she frequently suffered from these conditions. While Plaintiff's interpretation of the record is rational, the ALJ's interpretation is also supported by substantial evidence. "[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's

findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

   b. ***Objective medical evidence and lack of disabling opinion evidence***

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Similarly, the ALJ must consider information provided by medical sources and other sources. 20 C.F.R. 404.1529(c).

The ALJ reasonably relied upon the records showing mild or no objective findings on exam. Tr. 21-22 (citing tr. 591, 649, 652, 654, 656, 658, 697, 737, showing minimal objective findings regarding ulcerative colitis; tr. 595, 620, 649, 652, 654, 655-56, 737, showing mild or normal musculoskeletal exams). The ALJ also reasonably considered the lack of any disabling opinion evidence from the relevant period in reaching the conclusion that Plaintiff's allegations of disabling symptoms were not supported by the objective evidence. Tr. 22.

   c. ***Activities of daily living***

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the "Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater,* 80 F.3d 1273, 1287 n.7 (9th Cir. 1996).

The ALJ found Plaintiff's allegations to be unsupported by her activities of daily living, noting her report that she had been helping family and taking care of her twins in May 2012, and had a busy summer planned in 2017 caretaking for family. Tr. 23. These two references are insufficient to support the ALJ's

conclusion that Plaintiff's daily activities were inconsistent with her allegations of pain and other symptoms. The record contains no details about what activities Plaintiff was actually engaged in, or how frequently. Tr. 594, 926. Furthermore, the activities in 2012 were reported in the context of having exacerbated Plaintiff's pain. Tr. 594. Part of the treatment plan going forward was that Plaintiff would cut back on activities that hurt her. Tr. 595. These two incidents do not constitute evidence of Plaintiff's daily life, and the ALJ failed to explain how either one demonstrates any inconsistency with Plaintiff's alleged limitations.

However, any such error was harmless as the ALJ offered other clear and convincing reasons for her assessment of Plaintiff's allegations. *See Carmickle v. Comm'r of Soc. Sec. Admin,* 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record).

### d. *Overstatement of symptoms*

Finally, the ALJ indicated Plaintiff's reports were not "the most reliable evidence" due to indications of inconsistency and overstatement of her symptoms. Tr. 22-23. By way of example, the ALJ pointed to Plaintiff's assertion that she was "blind," her inaccurate report how many trigger point injections she had received, and her "focus upon qualifying for Social Security disability benefits," as demonstrated by her concern that her symptoms were not being sufficiently documented in her medical records. *Id.* Plaintiff disputes the ALJ's interpretation of these events as showing any conclusive evidence of overstatement of her symptoms.

While an ALJ may consider evidence that a claimant has exaggerated her conditions, the Court finds the ALJ's examples do not rise to such a level. The Court finds the minor discrepancies to be no more than a scintilla of evidence, and

that Plaintiff's desire for her conditions to be accurately documented in her medical file does not indicate any inappropriate fixation on receiving benefits. Defendant does not argue that the ALJ's interpretation constitutes clear and convincing evidence upon which to reject Plaintiff's claims. ECF No. 15 at 3-5.

Plaintiff asserts in her reply brief that this error alone necessitates remand, as the ALJ's perception of Plaintiff as dishonest would have necessarily affected her consideration of the remainder of the record as a whole. ECF No. 17 at 3. Plaintiff cites to no legal support for this assertion. Thus, as stated above, the Court finds this error to be harmless, as the ALJ offered other clear and convincing reasons for discounting Plaintiff's statements.

**2.     Medical opinion evidence**

Plaintiff alleges the ALJ improperly weighed the opinion evidence, giving insufficient reasons for disregarding Plaintiff's treating provider, Lynette Marshall, ARNP. ECF No. 13 at 16-18.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Ms. Marshall offered an opinion in October 2015 regarding Plaintiff's physical functional abilities, opining she was capable of less than sedentary work and would need frequent breaks and would have frequent absences. Tr. 813-14. The ALJ gave this opinion little weight because it did "not pertain to the claimant's functioning during the relevant period at issue." Tr. 24.

Plaintiff's insured status expired September 30, 2014. Tr. 18. Thus, she had to demonstrate disability on or before that date in order to be entitled to disability insurance benefits. Tr. 16. Plaintiff argues that, even though Ms. Marshall's opinion was offered after Plaintiff's insured status expired, the ALJ failed to consider that Ms. Marshall had been treating Plaintiff for several years, and thus her opinion still related to the period at issue. ECF No. 13 at 18.

The Court finds the ALJ's rationale to be a germane reason for discounting Ms. Marshall's opinion. The opinion is phrased entirely in the present tense and makes no reference to how long Plaintiff had been impaired to the degree opined. Tr. 813-14. While some of Ms. Marshall's treatment records pre-date the date last insured (Tr. 736-40), indicating she would have knowledge of Plaintiff's functional status prior to the date last insured, the opinion itself does not refer to any period prior to the date it was completed. Therefore, the ALJ's interpretation of the opinion as not pertaining to the relevant period is supported by substantial evidence.

**3. Third party evidence**

Plaintiff argues the ALJ erred in rejecting the third-party evidence from her husband, Chad Kroshus. ECF No. 13 at 18-19.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). However, any error on the part of the ALJ in discounting lay witness testimony "is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

The ALJ rejected Mr. Kroshus' statements "for the same reasons the undersigned finds the claimant's subjective complaints to be not fully consistent with the objective medical evidence." Tr. 24. As the Court found no reversible error in the ALJ's rationale for rejecting Plaintiff's subjective complaints, and Mr. Kroshus' statements are consistent with Plaintiff's assertions, the Court finds the ALJ offered sufficient germane reasons for rejecting Mr. Kroshus' testimony.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 10, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE